Johnny BOSWELL, Plaintiff–
Appellant,

v.

John E. POTTER, Postmaster General,
Defendant–Appellee.

No. 01–16289.

D.C. No. CV–99–02167PJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2002.

Decided Nov. 18, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Before BALDOCK,* KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Plaintiff Johnny Boswell works for the United States Postal Service as a supervisor in the Mail Distribution Operations unit of the San Francisco facility. Boswell contends, among other things, that his supervisors issued two letters of warning to him and withheld his continuation of pay in retaliation for complaints he filed against a supervisor. The Postal Service moved for summary judgment, arguing Boswell "cannot establish a prima facie case of retaliation" because he failed to establish two prongs of his prima facie case.[1] The district court assumed, without deciding, Boswell established a prima facie case. After assuming Boswell established his prima facie case, the district court found the Postal Service articulated a legitimate non-discriminatory reason for the letters. The district court then concluded "Boswell has not provided any evidence that the Postal Service's explanation is pretextual. Thus, he cannot prevail on the retaliation claim."

The district court granted summary judgment on a ground not raised by

* Honorable Bobby R. Baldock, Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Postal Service moved for summary judgment on all claims, and the district court granted the motion. Boswell appeals only the district court's grant of summary judgment with respect to his retaliation claim.

the Postal Service nor argued by the parties below. The Postal Service's motion argued only that Boswell failed to establish a prima facie case. The motion did not argue Boswell failed to show pretext. A district court properly may enter summary judgment *sua sponte* when no material issue of fact exists and the losing party has had an adequate opportunity to address the issues involved. *See Fuller v. City of Oakland, Cal.,* 47 F.3d 1522, 1533 (9th Cir.1995); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Nothing in the record suggests the district court notified Boswell the court was going to address pretext on the summary judgment motion. Nevertheless, we may affirm the district court on any ground finding support in the record. *See, e.g., Cigna Property and Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418–19 (9th Cir.1998). The only issue the Postal Service raised below was the sufficiency of Boswell's prima facie case. Thus, we may affirm the district court if Boswell failed to establish a prima facie case.

■ Boswell clearly engaged in a protected activity by filing EEO complaints in October and December 1997. *See Ray v. Henderson,* 217 F.3d 1234, 1240 n. 3 (9th Cir.2000) (filing an EEO complaint is protected activity). Boswell also established he suffered adverse employment actions. An action constitutes an adverse employment action "if it is reasonably likely to deter employees from engaging in protected activity." *Id.* at 1243. Letters of warning placed in the employee's personnel file are likely to deter employees from engaging in protected activity. *See, e.g., Hashimoto v. Dalton,* 118 F.3d 671, 676 (9th

Cir.1997) (dissemination of an unfavorable job reference is an adverse employment action); *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987) (transfers of job duties and undeserved performance ratings constitute adverse employment actions). Contrary to the Postal Service's contentions, the existence of such letters in the employee's file may affect later discipline. Boswell's supervisor, Weber, testified at his deposition that he increased the level of discipline in his July 10, 1998 letter of warning in lieu of suspension based on the June 25 letter of warning in Boswell's file. The July 10 letter itself indicates Weber considered the June 25 warning letter in setting the appropriate discipline.[2] Based on this evidence, these letters are more than mere unimportant "feedback" or "snubs" having no effect on an employee's record.

The Postal Service also argues the delay in continuation of pay was due to Boswell's own actions. The Postal Service has offered a legitimate, nondiscriminatory basis for not paying immediately, but that explanation does not address whether delaying payment of a benefit is an adverse action sufficient to support a prima facie case of retaliation. Delaying payment of wages or benefits owed would deter employees from engaging in protected activity. Thus, Boswell has met his burden of showing he suffered adverse employment actions.

Finally, Boswell has demonstrated a causal connection between his protected activity and the adverse employment actions. Boswell filed his EEO complaints in October and December 1997. The first alleged retaliatory act did not occur until June 1998. The sixmonth span between protected activity and retaliatory act prob-

2. The letter states:
In addition, the following element(s) of your past record were considered in arriving at this proposed letter of warning in lieu of a 7–day time-off suspension: 1. You were given a letter of warning on June 28, 1998 for Unsatisfactory Job Performance.

ably is insufficient, by itself, to establish causation. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 (9th Cir. 2002) (nearly eighteen-month lapse between protected activity and adverse action was too long, by itself, to establish causation). Boswell presented other evidence of causation, however. Boswell indicated he had no prior disciplinary problems prior to his 1997 EEO complaints against his supervisor. He demonstrated that both his supervisors knew of the EEO complaints prior to issuing the letters of warning, and one of the supervisors was the subject of an ongoing EEO proceeding. In that EEO proceeding, an Administrative Law Judge found Boswell's supervisor retaliated against him in a separate incident.

Boswell also challenged the legitimacy of the disciplinary actions, and noted the disparate treatment received by other managers. The June 25 letter disciplined Boswell for leaving mail in his unit and missing dispatch. Boswell presented witness statements that no mail was left in his section prior to his departure on the date in question. Further, Boswell presented testimony that missed dispatches were a common occurrence at the San Francisco facility, yet no witness could remember any other manager being disciplined for missing a dispatch, except for one other African–American manager. This evidence, viewed in the light most favorable to Boswell, is sufficient to meet the minimal burden to establish causation at the prima facie stage. *See Aragon v. Republic Silver State Disposal Inc.,* 292 F.3d 654, 659 (9th Cir.2002) (prima facie burden is minimal and does not even rise to the level of a preponderance of the evidence).

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Because Boswell met his minimal burden of establishing a prima facie case, we remand to the district court for further proceedings. We do not foreclose the possibility, however, that the Postal Service may file a motion for summary judgment specifically addressing the pretext issue. REVERSED AND REMANDED.